Mario Pittoni, J.
This is a proceeding brought by the petitioner under article 78 of the Civil Practice Act to review the May 21, 1958 determination of the Board of Appeals of the Village of Lawrence on the ground that the board abused its discretion when it failed to reverse the refusal of the Village Building Inspector to issue a permit for the use of the subject premises. The premises involved herein are a house and plot owned by Congregation Beth Sholom, and borders the rest of the property owned and used by the congregation as Temple Beth Sholom. The only issue raised by the parties in this proceeding is whether the petitioner is a “ club ’ ’ within the meaning of the village ordinance, which provides in part: “ (a) No building shall be erected, altered or used, and no lot or premises shall be used except for one or more of the following purposes:
* * *
“ 5. Clubs, excepting clubs the chief activity of which is a service customarily carried on as a business ”.
The petitioner is a corporation formed under the New York Membership Corporations Law with 48 leading citizens of the community as incorporators. The certificate of incorporation states as some of its objectives the establishment of a recreational institution to give to the youth of the community a wide range of recreational facilities, and to develop a guided leisure program for the youth of the area so as to help them achieve an identification with Jewish life and a deep appreciation of their responsibilities as United States citizens.
It must be kept in mind that a building zone ordinance should be strictly construed against the prohibition of a proposed lawful use.
The village has failed to provide in its ordinances any standard for or definition of the word “ club ”. Its failure to set a standard by which to determine whether an association of persons is a club makes the ordinance so vague and indefinite that a refusal to permit the activities requested herein is unconstitutional as a deprivation of property without due process of law.
The respondent tries to interpret the meaning of the word 11 club ” in the ordinance by referring to certain types of recreational facilities that existed in the village at the time the ordinance was adopted, and concludes from this that this was the *63 type of “ club ” that the Village Board of Trustees had in mind when the ordinance was adopted. The respondent refers to the Rockaway Hunting Club, the Cedarhurst Yacht Club and the Lawrence Golf Club; yet each of these activities is specifically permitted by other sections of the ordinance. Therefore, if this is the type and the only type of activity which the Board of Trustees had in mind, it was not necessary for it to include additional permission for clubs.
A statutory definition of 11 clubs ’ ’ is found in section 3 of the Alcoholic Beverage Control Law where it is stated that: “ ‘ Club ’ shall mean an organization of persons incorporated pursuant to the provisions of the membership corporations law * * * which is the owner, lessee or occupant of a building used exclusively for club purposes, and which * * * is operated solely for recreational, social, patriotic, political, benevolent or athletic purpose but not for pecuniary gain ”.
Black’s Law Dictionary says “ CLUB li voluntary, incorporated or unincorporated association of persons for purposes of a social, literary, or political nature or the like * * * the word ( club ’ has no very definite meaning. Clubs are formed for all sorts of purposes and there is no uniformity in their constitutions and rules * *
Webster’s New International Dictionary [2d ed., Unabridged, p. 509] defines “ club ” as “ An association of persons for the promotion of some common object, as literature, science, politics, goodfellowship, etc., esp. one jointly supported and meeting periodically. ’ ’ Further definitions can also be found in Van Pelt v. Hilliard (75 Fla. 792); Boyden v. Roberts (131 Wis. 659, 672); Halsbury’s Laws of England (Vol. 5 [3d ed.], p. 252); Rex v. Cahoon (17 Ont. Wkly. Rep. 467, 468).
The respondent’s brief makes this statement: ‘ ‘ Although Mr. Tenzer characterized the petitioner’s purposes as similar to those of a YMCA or YWCA, we cannot find any court decision holding either a YMCA or a YWCA to be a “ club ”. On the contrary, their activities have been characterized thus: — ‘ The improvement of the spiritual, mental, social and physical condition of young men.’ (Matter of Watson, 171 N. Y. 256, 260); ‘ For the moral or mental improvement of men and women ’ (Tax Law, Sec. 4 subd. 6); ‘ Educational ’ (Matter of Moses, 138 A. D., 525, 528, 531); ‘ for the mental and moral improvement of women, and for religious, bible, charitable, benevolent and educational purposes’; (Matter of Syracuse Young Men’s Christian Association, 126 Misc. 431).”
The respondent’s own statement tends to show that the objectives of associations such as the petitioner are those of a club.
*64 The petitioner’s designation of itself as an association instead of a club is not in any way controlling. Its composition and objectives are the standards which establish it as a club.
It is clear to this court therefore, that we have 48 incorporators associated together not for pecuniary gain but for the purposes of advancing the health, morals, ideals, religion and patriotism of the youth of the community. The court finds the petitioner to be a club.
The decision of the respondent Board of Appeals is reversed and annulled, and it is directed to issue to the petitioner a permit for the alteration of the subject property.
Settle order on notice.