Elbert T. Gallagher, J.
This is an article 78 proceeding to review the determination of the Zoning Board of Appeals of the City of White Plains which granted a special use permit to the respondent, Young Women’s Christian Association of White Plains and Central Westchester, to erect and maintain, as a membership club, an activities building, including dormitory and recreation facilities.
The property is on North Street in said city and is located in an RO one-family residence district. The zoning ordinance provides that the Zoning Board of Appeals may permit in an RO district, as a special use, ‘ ‘ golf clubs, country clubs and other membership clubs not operated for profit ” providing that certain enumerated standards are fully met. The basic question presented in this proceeding is whether the respondent, hereafter designated as the Y. W. C. A. is a membership club. The court holds that it is.
The- petitioners contend that the provision for golf clubs, country clubs and other membership clubs not operated for profit should be construed so as to permit only those membership clubs not operated for profit which are similar in nature to a golf or country club. The court would not be justified in so limiting the provision. Had the legislative body of the city intended to permit only golf clubs, country clubs and other “ similar ” membership clubs it could easily have so provided. Under the broad language used, however, and in the absence of any definition in the ordinance, any association which may reasonably be considered a nonprofit membership club may be granted a special use permit providing, of course, that the other conditions contained in the ordinance are met.
*42 The word “ club ” has no very definite meaning. A club may be incorporated or unincorporated and clubs may be formed for many different purposes. No real uniformity may be found in their constitutions or rules.
The Y. W. C. A. is a membership corporation incorporated under article 12 of the Membership Corporations Law. In the recent case of Matter of Five Towns v. Plaut (14 Misc 2d 61, affd. 7 A D 2d 646) a Young Men’s and Young Women’s Hebrew Association likewise incorporated under the Membership Corporations Law and with purposes similar in nature to those of the Y. W. C. A. was held to be a club within the meaning of a zoning provision which, insofar as this particular issue is concerned, was little different from the one now being considered. There is no reason why a different conclusion should be reached here.
Certain other issues have been raised which require some discussion. The Y. W. C. A. intends to use a portion of the building to be constructed as a dormitory for its members. It also will provide some indoor and outdoor recreational facilities. Under the decision of the Zoning Board both dormitory and recreational facilities are permitted as accessory uses subject, however, to certain conditions and safeguards. Petitioners take the position that since the ordinance makes no express provision for such facilities in the case of a membership club, they may not be permitted by the Zoning Board of Appeals. The argument is without merit. It is apparent on the face of the ordinance that it does not purport to set forth all of the different facilities which may be provided by a membership club. Since such a club is permitted, however, it follows as a matter of logic that they are entitled to provide all customary and reasonable facilities. It is common knowledge that the Y. W. C. A. as well as golf clubs, country clubs and other nonprofit membership clubs often provide dormitory or residence facilities for their members. That various kinds of recreational facilities are customarily provided, depending upon the type of club, is so obvious as to require no discussion. There is no valid ground for holding that the uses permitted by the Zoning Board are not reasonably appropriate to a Y. W. O. A.
The petitioner, Yon Kohorn, contends that in any event the findings of fact are insufficient and that the matter should be remitted to the Zoning Board for further findings.
Findings are required so as to permit an intelligent review by the court. They have no other purpose. Here the Zoning Board made specific findings with regard to each of the conditions and standards enumerated in the ordinance. The board *43 is not required to set. forth the evidence upon which its findings are based. The evidence is contained in the transcript of the minutes which forms a part of the return. The ultimate facts only need be stated. They were stated in the instant case and no more is required for an intelligent review.
Petitions dismissed. Settle orders.