In the Matter of CAPITAL CITIES COMMUNICATIONS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 7, 1978

## APPEARANCES OF COUNSEL

*Hall, Dickler, Lawler, Kent & Howley (Landis Olesker* and *Paul Sarno* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Lawrence J. Logan* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

The basic facts are not in dispute. Petitioner owns and operates radio and television stations in New York and other States. The holdings include: (1) stations with no facilities in New York and operated entirely outside this State, (2) stations with facilities wholly within New York and (3) stations with facilities both within and outside New York. Petitioner's executive offices were located in New York City. In filing its New York State franchise tax returns for the years 1967-1969, petitioner computed the amount of the tax due by allocating receipts on the basis of the location of its audiences as determined by two independent survey research organizations. Petitioner's receipts are paid by advertisers who pay to have commercial messages transmitted to the station audiences, with rates dependent upon the size and location of these audiences.

After field audits, the respondent, State Tax Commission, filed notices asserting a total of $102,277 in deficiencies for the years 1966-1969. Petitioner timely filed petitions for redetermination on the basis of its contention that the "audience location" method of allocating broadcasting receipts was proper. After hearings, the respondent sustained the asserted deficiency in its entirety. The issue before this court is whether the determination of respondent is supported by substantial evidence. We conclude that respondent's method does not meet the test of substantial evidence and that the determination under review must be annulled.

Paragraph (a) of subdivision 3 of section 210 of the Tax Law requires a corporation to pay the franchise tax only on that portion of its entire net income as is allocable in New York State. For a determination as to the New York portion of a corporation's business income, the statute prescribes that

three separate and distinct factors be taken into account: (1) the taxpayer's real and tangible property, including rentals; (2) the taxpayer's receipts; and (3) the taxpayer's wages, salaries and personal service compensation. The percentage of the taxpayer's total property that is situated in New York is ascertained, the percentage of the taxpayer's total receipts that are earned in New York is ascertained and the percentage of the taxpayer's total payroll allocable to New York is ascertained. An average of these three figures is computed to produce the business allocation percentage used in determining the tax.

The dispute in this case concerns the computation of the second portion, the taxpayer's receipts, of this three-factor formula. The respondent used the following method of allocating receipts in determining the deficiencies: all broadcasting receipts of stations with studios and transmission facilities wholly outside New York were allocated outside New York; all broadcasting receipts of stations with studios and transmission facilities wholly in New York were allocated entirely to New York; and broadcasting receipts of stations with facilities within and without New York were allocated by applying a fraction to the receipts of the station based upon rents, property and wages of the station as follows:

$$\frac{\text{N. Y. rents paid} + \text{N. Y. real and tangible property owned} + \text{New York wages}}{\text{Total rents paid} + \text{total real and tangible property} + \text{total wages}}$$

The respondent deemed broadcasting receipts to be payments for services performed within and without New York with petitioner's equipment and personnel.

■ ■ In our view, respondent's formula, purporting to measure receipts as a direct function of the value of property and payroll, does not meet the requirements of the Tax Law (Tax Law, § 210, subd 3, par [a]). The statute specifically requires a separate computation of the three factors of property, payroll and receipts. Other than conclusory assertions, respondent has submitted no evidence to justify its approach to the matter. It is basic in the construction of any statute that meaning and effect are to be given to each separate word and phrase. Words used in a statute may not be rejected as superfluous or meaningless where it is possible to give each a separate and distinct meaning (McKinney's Cons Laws of NY,

Book 1, Statutes, § 231). Respondent's use of only two of the three required factors in this case represents a clear violation of this principle because it deprives the "receipts" factor of any independent meaning and significance. It cannot be questioned that the word "receipts" as used in paragraph (a) of subdivision 3 of section 210 of the Tax Law means something different from, and in addition to, the phrases "real and tangible personal property" and "wages, salaries and other personal service compensation".

We do not here decide that petitioner's "audience location method" is the proper measure of receipts under the statute. Indeed, we have upheld the respondent's rejection of a similar proposed method of allocating receipts in the magazine industry (*Matter of Conde Nast Pub. v State Tax Comm.,* 51 AD2d 17, app dsmd 39 NY 2d 942). Our decision is that in calculating petitioner's business allocation percentage under paragraph (a) of subdivision 3 of section 210 of the Tax Law, the respondent must ascertain the percentage of petitioner's business receipts allocable to New York State independently of its allocation of property and payroll. The precise manner of thus allocating such receipts is within the unique province of the respondent.

The determination should be annulled, without costs, and the matter remitted for further proceedings not inconsistent herewith.

KANE, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith.