■ In the Matter of WILLOW WOOD RIFLE & PISTOL CLUB, INC., Appellant, v TOWN OF CARMEL ZONING BOARD OF APPEALS et al., Respondents. (Matter No. 1.) TOWN OF CARMEL, Respondent, v WILLOW WOOD RIFLE & PISTOL CLUB, INC., Appellant. (Matter No. 2.)—In an action for a permanent injunction, and in a proceeding pursuant to CPLR article 78 to review a determination of the Town of Carmel Zoning Board of Appeals (the zoning board) which, *inter alia,* found that Willow Wood Rifle & Pistol Club, Inc.'s (Willow Wood) use of the subject property was not a permitted use, and denied Willow Wood's request for a variance, the appeals are from (1) a judgment of the Supreme Court, Putnam County (Martin, J.), dated October 22, 1984, which dismissed the proceeding pursuant to CPLR article 78 and (2) an order of the same court dated October 2, 1984, which granted the Town of Carmel's motion for a preliminary injunction.

Judgment reversed, on the law, without costs or disbursements, and petition granted, to the extent that the zoning board's determination is annulled, and respondents are directed to treat appellant's property as a permitted conditional use.

Order reversed, on the law, without costs or disbursements, and the Town of Carmel's motion for a preliminary injunction denied.

Since 1955, petitioner Willow Wood, a not-for-profit membership corporation organized under the laws of this State, has owned and operated a gun club on land situated along Union Valley Road in the Town of Carmel. Willow Wood operated and maintained on the property, trap, rifle and pistol ranges

and clubhouse facilities for its members. In or about September 1983, while Willow Wood was in the process of improving its facilities, the Department of Buildings of the Town of Carmel issued an "Order to Comply" ordering Willow Wood's contractor to stop work on the grounds that the work done constituted expansion of a preexisting nonconforming use and that the work was done without first obtaining proper municipal approval. Thereafter, Willow Wood submitted a site plan for approval to the Town of Carmel Planning Board. In February 1984, the Town Planning Board denied the application on the ground that the improvements constituted an impermissible expansion of a nonconforming use.

On April 10, 1984, Willow Wood applied to the zoning board seeking an interpretation of the Zoning Ordinance to the effect that the site work done and proposed did not constitute an expansion of a nonconforming use, and, in the alternative, a variance to permit the work to continue. The zoning board rendered a decision which found that Willow Wood's use of the property as a gun club was a nonconforming use under the Zoning Ordinance, and that the existing and proposed improvements constituted an impermissible expansion of such nonconforming use. The board then went on to deny Willow Wood's application for a variance.

On or about July 3, 1984, Willow Wood instituted the present CPLR article 78 proceeding to review the zoning board's determination. While this proceeding was pending, the Town of Carmel commenced the instant action for a permanent injunction and moved for a preliminary injunction restraining Willow Wood from operating, using or maintaining the facilities allegedly constructed in violation of the town's Zoning Ordinance and without proper municipal approvals, and requiring Willow Wood to demolish and remove such structures and facilities.

In October 1984, Special Term (Martin, J.), dismissed Willow Wood's proceeding, on the grounds, *inter alia,* that the board's interpretation of the Zoning Ordinance to the effect that a gun club was not a permitted use was not arbitrary or capricious, and that Willow Wood failed to establish the necessary requirements for a use variance. At the same time, Special Term granted the town's motion for a preliminary injunction "to the extent that [Willow Wood] is enjoined effective immediately from using and operating any of the structures or facilities which were built, enlarged, or modified without benefit of permits and in violation of the Zoning

Ordinance" and was ordered "to remove and demolish the structures and facilities which are in violation".

We find that Willow Wood's use of the subject property as a gun club is a permitted conditional use under the applicable Zoning Ordinance provision. Special Term thus erred in dismissing the petition.

The 1982 Zoning Ordinance of the Town of Carmel placed Willow Wood's property in an R60/40 zone. The Schedule of District Regulations, adopted and made a part of the Zoning Ordinance, provides that one category of permitted conditional uses in an R60/40 zone is: "Annual Membership clubs, *including* country, golf, tennis and swim clubs" (emphasis added). Zoning Ordinance § 63-10 (H), note 8, sets forth site size, landscape buffer, and parking and pool size requirements for clubs. In concluding that a gun club was not a permitted conditional use under the above provision, the zoning board found that "the drafters of the ordinance intended to specifically exclude those 'club' uses inconsonant with country, golf, swimming and tennis". The zoning board took notice of Zoning Ordinance § 63-9 (B) which provides in pertinent part, that "[t]he omission of any use or type of use from said schedule shall be deemed to be an exclusion thereof from all districts", and "reasoned that clubs devoted to drag racing, dirt bikes, go carts, guns and other such uses were inconsistent with the Code". While the interpretation of a zoning ordinance by a zoning board is entitled to deference *(see, Matter of Marasco v Luney,* 99 AD2d 492; *Matter of Holy Spirit Assn. v Rosenfeld,* 91 AD2d 190; *Matter of Albert v Board of Stds. & Appeals,* 89 AD2d 960), in the instant case, the board's interpretation of the ordinance was arbitrary and capricious.

In this regard, it must be noted that it is well established that each word in a statute is to be given effect, and that words are not to be rejected as superfluous when it is practicable to give each a distinct and consistent meaning *(see, Matter of Capital Cities Communications v State Tax Commn.,* 65 AD2d 25; *Matter of Long Is. Antique Gun Collectors Assn. v Frank,* 53 AD2d 644). Here, the pertinent part of the Zoning Ordinance states that, *"Annual membership clubs, including* country, golf, tennis and swim clubs" (emphasis added) are permitted conditional uses; " '[t]he word "includes" is usually a term of enlargement, and not of limitation * * * [i]t therefore conveys the conclusion that there are other items includable, though not specifically enumerated by the statutes' " *(United States v City of New York,* 481 F Supp 4, 6, *affd* 614 F2d 1292, quoting from *Argosy Ltd. v Hennigan,* 404 F2d 14,

20; *see also, Red Hook Cold Stor. Co. v Department of Labor,* 295 NY 1, 8). Any interpretation by the zoning board that the permitted conditional uses described in the applicable Zoning Ordinance provision are limited to country, golf, tennis and swim clubs, fails to give effect to the word "including" contained in that provision *(see, Matter of Five Towns YM & YWHA v Plaut,* 14 Misc 2d 61, *affd* 7 AD2d 646). Similarly, the zoning board's interpretation that the drafters of the Zoning Ordinance intended to exclude those "club" uses inconsonant with country, golf, swimming and tennis club uses is not sustainable. In *Matter of Von Kohorn v Morrell* (22 Misc 2d 40-41, *revd* 9 AD2d 949, *revd* 9 NY2d 27), the court had the burden of interpreting a Zoning Ordinance which provided that the Zoning Board of Appeals could permit, as a special use, "golf clubs, country clubs and other membership clubs not operated for profit". The petitioners in that case argued that the Y.W.C.A. was not a membership club within that provision, and that provision should be construed so as to permit only those membership clubs not operated for profit which were similar in nature to a golf or country club. The court, in holding that it "would not be justified in so limiting the provision", stated that: "Had the legislative body of the city intended to permit only golf clubs, country clubs and other 'similar' membership clubs it could easily have so provided. Under the broad language used, however, and in the absence of any definition in the ordinance, any association which may reasonably be considered a nonprofit membership club may be granted a special use permit" *(Matter of Von Kohorn v Morrell,* 22 Misc 2d 40, 41, *supra).*

Here, as in the *Matter of Von Kohorn v Morrell (supra),* had the drafters of the ordinance intended to permit only clubs consonant with golf, tennis, swim, and country clubs, they could easily have so provided. It must be noted in this regard that Willow Wood has operated as a gun club since 1955, a fact presumably known to the drafters of the 1982 ordinance. Had the drafters intended to exclude gun clubs from the category of permitted conditional uses, they could have specifically done so. The zoning board's reliance on Zoning Ordinance § 63-9 (B) to support its construction is misplaced and merely begs the question. That provision, stating that "[t]he omission of any use or type of use from said schedule shall be deemed to be an exclusion thereof from all districts" appears to be a general catch-all provision which would have more relevance if there were no *specific* provision like the one which permitted "annual membership clubs" without any term of limitation.

Finally, even if the ordinance is deemed ambiguous, any ambiguity must be resolved in favor of the property owner and against the municipality (see, Matter of Frishman v Schmidt, 61 NY2d 823; Matter of Allen v Adami, 39 NY2d 275; Town of Huntington v Barracuda Transp. Co., 80 AD2d 555). In view of our above disposition, Special Term's order granting the town a preliminary injunction must also be reversed.

We note that Willow Wood must still obtain the proper municipal building approvals for its improvements upon the subject property. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.