■ In the Matter of MORTON BUILDINGS, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the Department of Taxation and Finance of the State of New York, Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The facts are not in dispute. Petitioner, an Illinois corporation, has its principal place of business in Morton, Illinois. Its business consisted of the manufacture, sale and erection of preengineered timberframe, metal-sheathed buildings for agricultural and commercial use. The buildings are generally of a uniform style and form except for windows, doors and skylights, which may be specially ordered. Petitioner buys raw materials in bulk outside of New York and stores raw materials in warehouses at various locations, but not in New York. Petitioner ships the building components to the customer

sites, including sites in New York, and erects the buildings on land prepared by the customer. No sales tax is collected from any New York customers because petitioner requires that all New York customers present a certificate of capital improvement.

Following a hearing, the State Tax Commission ruled that petitioner was liable for a use tax for certain years in the amount of $401,170.60 on the cost of the raw materials it bought outside New York but used in building components in New York. Petitioner then commenced this CPLR article 78 proceeding to review the determination. Supreme Court transferred the proceeding to this court.

The determination should be annulled. The Tax Commission improperly concluded that a use tax should be imposed on petitioner under Tax Law § 1110 (A). We find persuasive petitioner's contention that it did not "use" the raw materials within the State, because when petitioner manufactured the raw materials into building components it changed their identity.

A compensating use tax may only be applied where a sales tax has not been previously applied. Thus, for an imposition of a use tax to be proper, the imposition must fit within the criteria of one of the subdivisions of Tax Law § 1110. Only two of the four subdivisions of Tax Law § 1110 are pertinent (Tax Law § 1110 [A], [B]). It is undisputed that petitioner cannot be taxed under Tax Law § 1110 (B) because it does not sell the building components in the regular course of business.

Initially, we note that Tax Law § 1110 (A) must be construed strictly against the State and in favor of petitioner since the Tax Commission is asserting that petitioner's activities are within the scope of the statute (see, Matter of Greco Bros. Amusement Co. v Chu, 113 AD2d 622, 624).

Tax Law § 1110 (A) imposes a use tax if tangible personal property is (1) used within the State and (2) has been "purchased at retail". "Use" is defined as "[t]he exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to * * * any affixation to real or personal property" (Tax Law § 1101 [b] [7]). Tax Law § 1101 (b) (6) defines tangible personal property as "[c]orporeal personal property of any nature". The Tax Commission argues that the raw materials that petitioner buys are "used" in the State since they are affixed to real property. Petitioner insists that the raw materials are wholly consumed and transformed during the manufacturing process

and it is the finished product, the components, which are affixed to the real property. Petitioner therefore argues that the components, not the raw materials, are used in the State.

The rules of statutory construction require that every part of a statute must have a meaning *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231). The Tax Commission's interpretation would allow any manufacturer which uses its finished product in New York to be taxed on the cost of raw materials purchased and used in the manufacturing process out of State. This interpretation of Tax Law § 1110 (A) renders a substantial portion of Tax Law § 1110 (B) meaningless. Under Tax Law § 1110 (B) the manufacturer of finished products used in the construction of capital improvements can be taxed at the cost of the raw materials only if the manufacturer also sells the finished product in the regular course of business. As the Tax Commission's interpretation of Tax Law § 1110 (A) makes a substantial portion of Tax Law § 1110 (B) meaningless, it is to be avoided if any other reasonable interpretation is possible *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231; *Matter of Capital Cities Communications v State Tax Commn.,* 65 AD2d 25, 27-28).

Petitioner correctly contends in this case that raw materials which are bought and manufactured outside New York are not within the scope of Tax Law § 1110 (A). By its nature, manufacturing results in raw materials losing their identity. The regulations of the Tax Commission support this interpretation. Manufacturing is defined as "the production of tangible personal property that has a different identity from its ingredients" (20 NYCRR 531.2 [b]; *see,* 20 NYCRR 541.1 [n]; 541.11 [e] [i] [these latter regulations were filed subsequent to the tax years in dispute]). Both the statute and the regulations recognize that the end product of a manufacturing process is itself a separate and distinct piece of "tangible personal property" subject to use taxation under certain circumstances *(see,* Tax Law § 1110 (B); 20 NYCRR 531.1 [b] [2]).

The Tax Commission's reliance on *Matter of Aldrich v Murphy* (42 AD2d 385) is misplaced. That case is distinguishable since petitioner here did not buy the building components at retail and ship them in. We need not reach the other arguments for annulment raised by petitioner.

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.