■ In the Matter of RUTH MANDEL, Respondent, v JANE NUSBAUM et al., Constituting the Board of Appeals of the Village of Scarsdale, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Scarsdale (hereinafter the board), dated January 8, 1986, which denied the petitioner's request for a variance to construct an enclosed swimming pool complex fully attached to the back of the principal residence, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered June 30, 1986, which granted the petition and directed the Building Inspector to issue a building permit "without delay upon the plans submitted to [the] Board provided all other requirements of statute or ordinance are met".

Ordered that the judgment is affirmed, without costs or disbursements.

The Scarsdale Building Inspector refused to grant the petitioner a permit to construct a structure upon her property, containing a swimming pool, sauna, spa, bathroom dressing area and sitting area, and the board denied her application for a variance. The denial of the permit was on the ground that the addition would cause a violation of Village Code of Village of Scarsdale § 12-10A-3 (Local Laws, 1985, No. 7 of Village of Scarsdale) which prohibits coverage of more than 10% of the petitioner's property by the principal building. The petitioner's home now covers less than 5% of the lot. The plans also contemplate an enlargement of an existing bedroom by 80 square feet, which will increase the coverage by the home to

2,457 square feet, or 5.10% of the lot. If the proposed structure is considered part of the principal building, 10.98% of the lot will be covered, exceeding the permitted coverage under the zoning ordinance by .98%; if it is deemed an accessory structure, its area will be calculated with all structures and impervious surfaces, resulting in a total coverage of 19.2%, although the maximum permitted coverage for all structures and surfaces is 30%. The board, in affirming the Building Inspector's decision, essentially agreed with his conclusion that the swimming pool complex constituted an addition to the principal building, that the 10% maximum lot coverage was applicable, and that the petitioner demonstrated no "practical difficulty" in reducing the size of the structure to conform to the 10% requirement. It was the petitioner's position that such a reduction was not necessary because the construction should be considered an accessory building which would fall within the 30% requirement.

The Supreme Court, in granting the petition, found, *inter alia,* that the appellants' interpretation of the definition of "accessory structure" was incorrect as a matter of law and directed the Building Inspector to issue a building permit without delay. We agree. Zoning laws must be given a strict construction since they are in derogation of common-law rights *(Matter of 440 E. 102nd St. Corp. v Murdock,* 285 NY 298, 301). While specific application of a term of the zoning ordinance to a particular property is generally governed by the board's interpretation *(Matter of Frishman v Schmidt,* 61 NY2d 823, 825), its interpretation of what constitutes an accessory structure is "not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" *(Matter of Exxon Corp. v Board of Stds. & Appeals,,* 128 AD2d 289, 296, *lv denied* 70 NY2d 614). The Village Code of the Village of Scarsdale does not define "principal building". The term "accessory building" is defined as a "building (such as a private garage, *private swimming pool* and appurtenant bathhouse, private toolhouse or children's playhouse or a non-commercial greenhouse) which is subordinate and accessory to a principal building on the same lot and which is used for purposes customarily incidental to those of the principal building" (emphasis added). Also, as the court noted, the New York State Uniform Fire Prevention and Building Code (9 NYCRR 606.3 [a] [1]) defines an "accessory structure" as "[a] structure, the use of which is incidental to that of the main building, and which is attached thereto, or is located on the same premises". "If a definition is essential, it

should be tailored to the specific requirements of the ordinance" (1 Anderson, New York Zoning Law and Practice § 17.04, at 748 [3d ed 1984]). The board gave as its reason for denying the application that the structure would be partially attached to the rear of the petitioner's home and, thus, it would be considered part of the principal building and not an accessory structure. The board did not offer any evidence that the proposed addition to the back of the petitioner's home frustrates any of the stated purposes of the zoning ordinance; e.g., limiting overcrowding of land, avoiding drainage and flooding problems, preserving the character of the community and promoting neighborhood aesthetics. On the contrary, the record indicates that the structure would not frustrate any of those purposes. The police power of the State and its municipalities furnishes the basis for the imposition of reasonable restrictions by them through zoning ordinances and regulations affecting the use of private property, "but its exercise finds justification only in promotion of public health, public safety, public welfare and good order to the end that public convenience and general prosperity may be attained" *(Matter of 440 E. 102nd St. Corp. v. Murdock, supra,* at 304). We, therefore, agree with the court that since the Village Code of the Village of Scarsdale lacks any qualifying language confining the concept of accessory building to solely those detached from a principal structure or dwelling, the interpretation of the ordinance provisions was incorrect as a matter of law. Inasmuch as the proposed addition to the petitioner's house is not prohibited by Scarsdale's zoning provisions, no special exception permit is required and the court properly directed the Building Inspector to issue a building permit without delay, provided all other requirements of the statute or ordinance are met. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.