■ JOHN GILLEN, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF CORTLANDT, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Cortlandt (hereinafter the Zoning Board) which, after a hearing, inter alia, found that the petitioner's use of the subject property was not permitted, the Zoning Board appeals from stated portions of a judgment of the Supreme Court, Westchester County (Colabella, J.), entered September 22, 1987, which, inter alia, annulled the determination and declared that temporary occupancy of the premises by recipients of public assistance without permanent housing is a permitted use of the subject property under the zoning ordinance of the Town of Cortlandt.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

By contract of sale dated July 23, 1986, the petitioner became the owner of Lakeview Cottages, a facility operated as a summer bungalow colony since prior to the adoption of the zoning ordinance of the Town of Cortlandt, which is situated on 14.5 acres of land in the Town of Cortlandt. The bungalow colony consists of approximately 25 bungalows containing bath and kitchen facilities and various recreational facilities.

The property is bisected by the boundary line between two zoning districts. Consequently, approximately 5 acres are located in a "designated shopping" district (C-D district), while the remaining 9.5 acres are located in a one-family residential district (R-40 district). The summer bungalow colony constituted a permitted camp use in both districts under the zoning ordinance of the Town of Cortlandt (Town of Cortlandt Code § 88-7 [A] [6] [d]; § 88-19 [A] [6]).

Sometime in November of 1986 the petitioner began to provide lodging to persons who were in need of temporary lodging while searching for permanent housing in Peekskill and who had been referred to his facility by the Westchester County Department of Social Services. On November 4, 1986, the petitioner applied to the Zoning Board seeking an interpretation of the zoning ordinance to the effect that use of the R-40 portion of the property on a year-round basis was a permitted use. In February of 1987 he was served with two "order[s] to remedy violations". The first order charged the petitioner with having violated the ordinance by converting the summer bungalow colony to year-round use, and the second charged him with having failed to obtain a certificate of compliance required prior to effecting a change of use in an existing building. The petitioner submitted an amended application to the Zoning Board seeking an interpretation to the effect that the year-round use of the facility to provide temporary housing for the homeless constituted a continuation of the prior camp use and was permitted as of right in both the C-D and R-40 districts without the necessity of procuring a certificate of zoning compliance. A public hearing was held on March 18th at which a representative of the Department of Social Services testified that the Lakeview Cottages were being utilized for the emergency placement of homeless families looking for permanent housing in Peekskill. The legal representative of several homeless families testified that the average occupancy by a homeless family was about 6 to 8 months. The Zoning Board rendered a decision on the petitioner's application as amended, finding, *inter alia,* that the facility had been converted from temporary or seasonal camp use to year-round residential use, a prohibited use in the C-D district and a use which exceeded density limitations in the R-40 district. The Zoning Board additionally found that the presence of stoves in the bungalows was prohibited in the C-D district and exceeded density limitations on residential use in the R-40 district. The Supreme Court found that the determination of the Zoning Board was arbitrary and unreasonable. We agree.

Although the interpretation of a zoning ordinance by a zoning board of appeals is entitled to deference (see, *Matter of Frishman v Schmidt,* 61 NY2d 823; *Matter of Bockis v Kayser,* 112 AD2d 222), in the instant case, the Zoning Board's interpretation of the ordinance was properly cast aside since it was arbitrary and unreasonable (see generally, *Matter of Mandel v Nusbaum,* 138 AD2d 597; *Matter of Willow Wood Rifle & Pistol Club v Town of Carmel Zoning Bd. of Appeals,* 115 AD2d 742, 744).

Under the zoning ordinance of the Town of Cortlandt the former bungalow colony was classified as a type I camp use, permitted in both the C-D and R-40 districts (Town of Cortlandt Code § 88-7 [A] [6] [d]; § 88-19 [A] [6]). Moreover, the ordinance deems a camp use existing at the time of adoption of the ordinance to be a conforming use in both the C-D and R-40 districts (Town of Cortlandt Code §§ 88-40, 88-19 [A] [6]). A type I camp is defined as: "Any area of land or water on which are located two (2) or more cabins, tents, trailers, shelters, houseboats or other accommodations of a design or character that is normally intended or suitable for seasonal or other more or less temporary living purposes, regardless of whether such structures or other accommodations actually are occupied seasonally or otherwise" (Town of Cortlandt Code § 88-2). The Zoning Board's interpretation of the definition of type I camp to exclude year-round occupancy of the former bungalow colony by a succession of homeless families seeking temporary shelter for average durations of 6 to 8 months is not sustainable.

Although there has been a change in the use of the property from a seasonal facility for summer tourists to a year-round facility for the homeless, the enlargement of the prior seasonal use did not cause the property to lose its legal conforming status since the bungalows are still "intended or suitable for * * * more or less temporary living purposes" (Town of Cortlandt Code § 88-2). The average 6-to-8-month stay of a homeless family at the facility is "more or less temporary" since it is to last for a limited time only, as opposed to permanently or indefinitely. The fact that the facility will be occupied throughout the year as opposed to seasonally is irrelevant since type I camps by definition may be occupied "seasonally or otherwise." Had the legislative body of the Town of Cortlandt intended to permit only seasonal occupancy, it could easily have so provided. Under the broad language used, however, any occupancy which may reasonably be considered "temporary" as to the individual is permitted,

whether the facility is operated on a seasonal basis "or otherwise." Since the ordinance lacks any ‑qualifying language confining the concept of "seasonally or otherwise" to a limited portion of the year, the Zoning Board may not impose such a limitation by implication (see, Matter of 440 E. 102nd St. Corp. v Murdock, 285 NY 298, 301; Matter of Willow Wood Rifle & Pistol Club v Town of Carmel Zoning Bd. of Appeals, supra, at 745-746). Additionally, the Zoning Board's determination that the presence of stoves in the bungalows is prohibited or subject to density limitations was incorrect as a matter of law since there is nothing in the ordinance prohibiting or limiting the use of stoves in type I camps or in other nonresidential structures.

We have considered the appellant's remaining contentions and find them to be without merit.

In view of our disposition, we do not pass upon the alternate grounds advanced by the petitioner in support of affirmance. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.