OPINION OF THE COURT
Felice K. Shea, J.
John Esposito, former Police Chief of Metro-North Com *848 muter Railroad, has been indicted and charged by the Special Prosecutor of the City of New York with 17 counts of computer trespass in violation of Penal Law § 156.10 (2) and 17 counts of unauthorized use of a computer in violation of Penal Law § 156.05. It is alleged that defendant used the New York State Police Information Network (NYSPIN) to access criminal history information without an authorized criminal justice purpose. Defendant moves for an order dismissing the indictment on the ground that the Special Prosecutor lacks jurisdiction.
For New York County, the subject matter jurisdiction of the Special Prosecutor is set forth in Executive Order No. 55 (9 NYCRR 1.55) issued by the Governor pursuant to article IV, §3 of the New York State Constitution and section 63 (2) of the Executive Law. The Attorney-General of the State of New York is directed by Executive Order No. 55 to appoint a Special Prosecutor to supersede the District Attorney for the County of New York with respect to the investigation and prosecution of matters involving "any and all corrupt acts and omissions by a public servant * * * in violation of any provision of State or local law and arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice in the City of New York” (9 NYCRR 1.55 [I] [a]). There are three elements in subdivision (I) (a) upon which the Special Prosecutor’s jurisdiction depends: the defendant must be a "public servant”; he or she must be charged with criminal acts or omissions which are "corrupt”; and the illegal acts must be "arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice”. Defendant was admittedly a public servant on the relevant dates in the indictment. The question of whether or not the computer crimes charged were "arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice” previously has been determined favorably to the prosecution. In this motion, defendant’s jurisdictional challenge is directed at the requirement in subdivision (I) (a) of Executive Order No. 55 that the acts with which he is charged must be "corrupt”.[1]
The definitional section of Executive Order No. 55 (9 NYCRR 1.55 [III]) provides in pertinent part:
*849 "the following terms have the following meanings * * *
"(c) 'Corrupt acts and omissions’ includes, but is not limited to:
"(1) any act or alleged act by a public servant relating to his office but constituting an unauthorized exercise of his official functions;
"(2) any failure or alleged failure by a public servant to perform a duty which is imposed upon him by State or local law or administrative rule or regulation or is clearly inherent in the nature of his office;
"(3) any and all acts or omissions or alleged acts or omissions constituting a violation of the following sections or of the sections within the following articles of the Penal Law:
"(i) Sections 135.60 and 135.65 (Coercion)
"(ii) Article 155 (Larceny)
"(iii) Sections 195.00 (Official Misconduct) and 195.05 (Obstructing governmental administration)
"(iv) Article 200 (Bribery involving public servants and related offenses)
"(v) Article 210 (Perjury and related offenses)
"(vi) Article 215 (Other offenses relating to judicial and other proceedings);
"(4) any and all acts or omissions or alleged acts or omissions constituting a violation of Penal Law articles 100 (Criminal Solicitation), 105 (Conspiracy), 110 (Attempt), and 115 (Criminal Facilitation) with respect to offenses defined in paragraph (3);
"(5) any and all other offenses that may be properly joined with offenses defined in paragraphs (3) and (4)”.
As can be seen, the words "corrupt acts and omissions” are not, strictly speaking, defined in Executive Order No. 55. Rather, 9 NYCRR 1.55 (III) (c), in its clauses, lists five categories which " 'Corrupt acts and omissions’ includes, but is not limited to”. The first category is "any act or alleged act by a public servant relating to his office but constituting an unauthorized exercise of his official functions”. (9 NYCRR 1.55 [III] [c] [1].) The Special Prosecutor argues that these words plainly encompass any criminal act connected to law enforcement by a public servant. Defendant maintains that a literal reading of this provision, by sweeping within its reach all criminal acts by a public servant related to his office, would give no meaning to the word "corrupt”.
*850 There is no case law which sheds light on the question of what are "corrupt acts and omissions” within the meaning of Executive Order No. 55.[2] The phrase must be interpreted by reading it in context, by applying recognized rules of construction, by reviewing the history and policy underlying the executive order, and by analyzing the practices of the office of the Special Prosecutor.
An examination of the wording in the five clauses of subdivision (III) (c) buttresses the defendant’s argument that "corrupt acts” are not synonymous with unlawful acts under clause (1). It is significant that only clause (1) uses the words "any act or alleged act”.[3] In both clauses (3) and (4) " 'corrupt acts and omissions’ includes * * * any and all acts or omissions or alleged acts or omissions constituting a violation of * * * [various Penal Law provisions]”, and under clause (5), " 'corrupt acts and omissions’ includes * * * any and all other offenses * * * properly joined with offenses defined in paragraphs (3) and (4)”. (Emphasis supplied.) It is reasonable to assume the drafters of Executive Law No. 55, by omitting the words "and all” in subdivision (III) (c) (1), intended that some but not all unauthorized acts by a public servant relating to his office might be corrupt acts so as to confer jurisdiction on the Special Prosecutor. Nothing in the language of other parts of Executive Order No. 55 compels a different conclusion.
Courts, in construing a statute, should consider the mischief sought to be corrected by its enactment and should favor an interpretation that will suppress the evil and advance the remedy. A construction that furthers the object of the statute is to be preferred. (People v Eulo, 63 NY2d 341, 354; Atlantic Cement Co. v Williams, 129 AD2d 84, 89; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 95, 96.) Rules applicable to statutes apply to an executive enactment as well.
In the preamble of Executive Order No. 55, then Governor Nelson A. Rockefeller wrote that it was issued "in view of the recommendation of the [Knapp] Commission to Investigate Allegations of Police Corruption in the City of New York”. (9 NYCRR 1.55 [I].) A Special Prosecutor was designated because *851 the Knapp Commission uncovered widespread bribery of public officials and abuse of official power for personal gain. The evil to be addressed by a separate prosecutorial office was venality in the criminal justice system. (See generally, Matter of Dondi v Jones, 40 NY2d 8,17-18, and dissent, at 27.)
The practices of the office of the Special Prosecutor, its own view of its jurisdictional boundaries as shown by its past prosecutions, is also instructive. Contrary to its position here that its jurisdiction extends to all criminal acts by public servants related to their offices, the Special Prosecutor has not sought to supersede the District Attorney in criminal cases against police officers where dishonesty is absent. (See, e.g., People v Sullivan, Sup Ct, Bronx County [index No. 394/85] [the Eleanor Bumpers case]; People v Giglio, Sup Ct, NY County [index No. 11163/88]; People v Skryzpek, Sup Ct, NY County [index No. 00676/89]; People v Mancuso, Sup Ct, NY County [index No. 01255/89] [the Tompkins Square Park riot cases]; People v Guerrero, Sup Ct, Queens County [index No. 2251/89] [alleged police brutality in the 113th Precinct in Queens]; People v Gilbert, Sup Ct, Queens County [index No. 2185/85 [stun gun cases].)
A statute or executive enactment must be construed so as to give meaning to all its words. (Matter of Morton Bldgs. v Chu, 126 AD2d 828, 830, affd 70 NY2d 725; People v Kates, 77 AD2d 417, 418; Orange & Rockland Utils. v Hess Corp., 59 AD2d 110, 115; McKinney’s Cons Laws of NY, Book 1, Statutes § 231.) If all unlawful acts by a public servant arising out of law enforcement are deemed corrupt, then the word "corrupt” in 9 NYCRR 1.55 (I) (a) would be surplusage and without import. A literal reading of a statute should be avoided if it leads to an unreasonable consequence on the theory that an enacting authority would not intend an absurd result. (Matter of Bookhout, 43 NY2d 612, 617; Zappone v Home Ins. Co., 55 NY2d 131, 137; People v Black, 156 Misc 516, 519.) A construction which distinguishes between acts "in violation of * * * law” and "corrupt” acts is in harmony with Executive Law No. 55 read as a whole, with time-tested principles of construction, with the policy behind the executive enactment, and with past practice.
Although not controlling, the definitions of lexicographers may furnish guidance in determining the sense with which a word is used in a statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 234.) "Corrupt” has been defined in one respected dictionary as: "1. guilty of dishonest practices, as bribery; *852 lacking integrity; crooked * * *. -Syn. 1. false, untrustworthy. corrupt, dishonest, venal apply to one, esp. in public office, who acts on mercenary motives, without regard to honor, right, or justice.” (Random House Dictionary of the English Language [unabridged 2d ed 1987].)
A "corrupt” act, given its commonly understood meaning, is one committed for a personal benefit. The indictment does not allege, explicitly or impliedly, that defendant obtained unauthorized criminal history information from the NYSPIN computer for personal benefit. The office of the Special Prosecutor in its papers opposing the motion claims in conclusory terms that defendant received an "improper advantage” but fails to specify any personal benefit that defendant sought or received or intended to receive. Thus, the indictment does not plead "corrupt acts” as it must under Executive Law No. 55 (I) (a).
In presenting only noncorrupt offenses to the Grand Jury that voted the indictment, the Special Prosecutor acted beyond the ambit of his authority and was an unauthorized presence. The appearance of an unauthorized prosecutor before a Grand Jury mandates dismissal. (People v Di Falco, 44 NY2d 482, 485.) Accordingly, defendant’s motion is granted and the indictment is dismissed.

. In People v Esposito (144 Misc 2d 919), the court sustained an earlier indictment without reaching the question of whether the computer crimes alone, had they not been joined with other counts charging corrupt acts, would fall within the jurisdiction of the Special Prosecutor.

. The cases interpreting the grant of jurisdiction to the Special Prosecutor all concern acts that are clearly corrupt and focus on other jurisdictional requirements. See discussion of authorities in People v Esposito (144 Misc 2d 919, 930-931). The cases cited by the People are inapposite.

. Clause (2) uses the parallel construction "any failure or alleged failure”.