Benio, J.
 

 It. has been often held that the statute, prescribing certain forms for submission to arbitrators, and allowing the parties to agree that a judgment of a court of record, designated in the instrument of submission, should be rendered
 
 *149
 
 upon the award,was cumulative merely, not exclusive; and that an award pursuant to a submission which would have been valid at common law, but which did not conform to the statute, would support an action.
 
 (Browning
 
 v.
 
 Wheeler,
 
 24 Wend., 258;
 
 Diedrick v. Pickley,
 
 2 Hill, 271,
 
 and note.)
 
 Those cases accord with a general principle in the exposition of statutes which declares that it is not to be presumed' that the legislature intended to make any innovation upon the common law further than the case absolutely requires. The law, it is said, presumes that the act did not intend to. make any alterations other than what is specified, and besides what has been plainly pronounced; but that intention, it is to be supposed, if it existed, would have been expressed. (Dwarris on Statutes, 664.) The Supreme Court of Massachusetts appears to have taken a different view of their statute of arbitrations; for in
 
 Deerfield
 
 v.
 
 Arms
 
 (20 Pick., 480) it was held that an action of debt could not be sustained on an .award where the submission had not beeU'properly acknowledged before a justice of the peace as the statute required. It may be that the act of Massachusetts contained language showing that the forms prescribed were applicable to all submissions to arbitration whether a summary judgment was to be entered or not. However this may be, we are to follow the rule laid down by the courts of this State; and we think moreover that upon this question the correct principle of construction has been adopted here.
 

 But the defendant’s counsel argued that the parties having, pursuant to the statute, agreed that a summary judgment might be entered upon this submission, no other mode of enforcing the award can be resorted to. . We think this position is answered by an express provision contained in the statute itself. (2 R. S., 541.) It provides that a party complaining of the award may apply to the court designated in the submission to set it aside, for certain causes which are specified.; and that the application shall be made at the first term if there be timef and if there be not, that a judge may stay the proceedings by order till the following term. If the award is confirmed, the court is to render judgment upon it; and error may be brought
 
 *150
 
 •upon the determination of the court whether it be in favor of or against the party claiming to enforce the award. (§§ 10-21.) Then follows section 22, which declares that nothing contained in the preceding provisions shall be construed to impair, diminish or in any way affect the power and authority of the Court of Chancery over arbitrators, awards or the parties thereto'; nor to impair or "affect any action upon any award, or upon any bond or other engagement to abide by an award. The intention- of these provisions seems to me very plain. Either of the parties may, if they see .fit, resort to the court named in the submission in a summary way, to set it aside on the one hand, or to confirm and give judgment upon it on the other. But the party complaining is not to be precluded from availing himself of the more ample powers of the Court of Chancery, if he considers it for his interest to resort to them; nor is the party in whose favor the award is made to be barred of his common law action on the award, or on the submission. If the party charged by the award' elects to avail himself of the summary mode of obj ecting to it, and he is pursued by the other party by an action, before the term has arrived when the application can be" made, he may have an order to stay the proceedings of his adversary until the succeeding term. It follows that the plaintiff in this case was not precluded from maintaining the action, nor limited to an application to enforce the award by judgment in the court designated in the submission. The judgment appealed from must be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.