By the Court.
O’Gorman, J.
The action was tried before Judge Truax and a jury, who, under the direction of the trial judge, rendered a verdict for the plaintiff association, and assessed damages in the sum of five thousand dollars.
The learned trial judge directed that the exceptions taken by the counsel for the defendant be heard and decided in the first instance at the general term.
The chief questions that call for examination in the case, are these :
First, The counsel for the defendant claimed that the complaint was fatally defective, in failing to allege that the plaintiff association had given security for costs, as required by section 33, chapter 534, Laws of 1879.
This section provides, that all penalties imposed by the act may be recovered by any person in his own name, or by any society, in its own name, upon such society giving security for costs. I do not think, that the section was mandatory, or that the giving security was a condition precedent to bringing the action, or necessary to confer jurisdiction on the court. The defendant did not demur to the complaint, and although he did not thereby waive the objection, yet the defect was one, which the trial judge had power to disregard, under sections 539 *308 and 723 of the Code ; evidence having been subsequently produced by the plaintiff that security for costs had in fact been given.
The second exception of the defendant depends on the refusal of the trial judge to dismiss the complaint, on the ground that it appeared from the evidence that the defendant was not in possession of the quails within the period prohibited by law.
The facts are these:—The defendant, Durham, was, in 1883 and 1884, a commission merchant doing business in Eeade street in this city. On January 2, 1884, he received from one Warner of Chicago, a consignment of dead quails contained in barrels and boxes. Defendant received also from Warner, a letter dated December, 1883, in which defendant was directed to hold the quails for two dollars a dozen until further orders, and to put them in a freezer. Defendant, on the same day that he received the quails, sent them to the refrigerator warehouse company in Washington street in this city, where they remained until seized by the plaintiff association in April 1884. Defendant was not himself in the business of buying or selling quail. The refrigerator company made an entry on the stub of their storage receipt book, of the receipt of these quails from defendant, and the barrels and boxes were marked with his name. Two of these barrels were removed in April, 1884, from the refrigerator company’s charge on orders signed with the name “ E. Durham.” The remaining quails, not seized by the plaintiff, were taken away by the consignor Warner without any order from the defendant.
The plaintiff claims that the quails, having been placed in possession of the refrigerator company by defendant as his agent, and kept there under his control, were constructively in his possession, so far as the legal requirements to sustain this action are concerned.
The defendant contends, that the possession prohibited in the act was an actual physical possession, and not a merely constructive possession, and he offered to prove by *309 production of the record of an action, which had been brought by the plaintiff against the refrigerator company, (but afterwards discontinued) on account of their possession of these same quails during the same period, that the plaintiff had admitted that the possession was in them. The trial judge refused to admit the evidence as being immaterial, and the counsel for the defendant excepted. This, I think, was not error.
The act, under which the plaintiff sues is in derogation of common law and a penal act, and should be construed strictly, so as not to embrace cases not fairly within the scope of the language used in the act (Burnside v. Whitney, 21 N. Y. 148 ; Washington Cemetery v. Prospect Park, &c. R. R. Co., 4 Abb. N. C. 19).
These quails were in the actual possession of the refrigerator company, when seized. When placed by defendant in their charge on January 2, 1884, their receiving and storing them and keeping them in their freezer involved no violation of law. But when they continued to hold the quails, after February 1, they held them in possession in violation of law, and the fact that they acted therein as the agent of the defendant, did not absolve them from responsibility. There is no evidence that they made any effort to surrender the goods to the defendant. This act of disobedience to the law was their own act for which they became responsible.
But it is in evidence that in April, 1884, and long after it had ceased to be lawful to have these quails in possession in this city, defendant exercised over them the right of disposition, withdrew some of them from the refrigerator company on his written order, leaving the rest still in their charge. He thus recognized that company, as being still his agents, and as still holding the quails for him and subject to his use ; and their possession was, in law, his possession, and his liability therefore became fixed. He then assumed the responsibility of the refrigerator company, and was, if not the chief “ tort-feasor,” at least a “ co-tort-feasor ” with them, and hable to a separate action.
*310 The fact, therefore, that plaintiffs had brought action against the refrigerator company, which had been discontinued, did not prevent them maintaining the present action, and evidence that it had been brought was immaterial. '
The defendant’s exceptions are overruled, and judgment ordered for the plaintiff in accordance with the verdict, and for costs.
Sedgwick, Ch. J., concurred.