Wells Fargo Bank, N.A. v DeFeo (2021 NY Slip Op 07577)





Wells Fargo Bank, N.A. v DeFeo


2021 NY Slip Op 07577


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-05449 
2019-05450
 (Index No. 607551/16)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Vito DeFeo, etc., appellant, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Brian Pantaleo], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vito DeFeo appeals from two orders of the Supreme Court, Suffolk County (James C. Hudson, J.), both dated March 4, 2019. The first order, insofar as appealed from, denied that defendant's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer with affirmative defenses and to treat his answer as a limited notice of appearance, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Vito DeFeo, to strike his answer with affirmative defenses and to treat his answer as a limited notice of appearance, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's cross motion; as so modified, the first order is affirmed insofar as appealed from, without costs or disbursements, and so much of the second order as granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Vito DeFeo, to strike his answer with affirmative defenses and to treat his answer as a limited notice of appearance, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first order.
In May 2016, the plaintiff commenced this action against, among others, the defendant Vito DeFeo (hereinafter the defendant) to foreclose a mortgage on certain property in East Northport. The defendant interposed an answer in which he asserted various affirmative defenses, and thereafter moved, inter alia, for summary judgment dismissing the complaint insofar as asserted [*2]against him. The plaintiff opposed the motion and cross-moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses and to treat his answer as a limited notice of appearance, and for an order of reference. By order dated March 4, 2019, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. In a second order, also dated March 4, 2019, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides that the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882).
Here, contrary to the defendant's contention, he was not entitled to summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to strictly comply with RPAPL 1304. The defendant's affidavit submitted in support of the motion was insufficient to demonstrate his prima facie entitlement to judgment as a matter of law (see Nationstar Mtge., LLC v Matles, 185 AD3d 703, 707) and the defendant did not carry his burden in moving for summary judgment by pointing to the gaps in the plaintiff's proof (see id. at 707; see e.g. Pace v International Bus. Mach. Corp., 248 AD2d 690, 691).
Nevertheless, the Supreme Court should have denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses and to treat his answer as a limited notice of appearance, and for an order of reference. The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to show its strict compliance with RPAPL 1304(2). Among other things, the copies of the 90-day notice submitted by the plaintiff in support of its cross motion included an additional notice not contemplated by RPAPL 1304(2). The plaintiff acknowledged that the envelope that it sent to the defendant, which contained the requisite RPAPL 1304 notices, also included a separate notice concerning the Home Affordable Modification Program and bankruptcy issues. This Court recently determined, in Bank of America, N.A. v Kessler (___ AD3d ___, 2021 NY Slip Op 06979 [2d Dept]), that RPAPL 1304(2) requires that the requisite notices under its provision must be mailed in an envelope separate from any other notice. Since the plaintiff failed to demonstrate that the RPAPL 1304 notice was "served in an envelope that was separate from any other mailing or notice" (USBank N.A.v Haliotis, 185 AD3d 756, 758-759; see Bank of America, N.A. v Kessler, ___ AD3d ___, 2021 NY Slip Op 06979), it failed to establish its strict compliance with RPAPL 1304. Accordingly, the court should have denied the relevant branches of the plaintiff's cross motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court