US Bank N.A. v Kaplan (2022 NY Slip Op 01201)





US Bank N.A. v Kaplan


2022 NY Slip Op 01201


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN, JJ.


2018-11321 
2018-11322
 (Index No. 66477/14)

[*1]US Bank National Association, etc., respondent,
v
Shirley A. Kaplan, et al., appellants, et al., defendants.


Charles Wallshein, Melville, NY, for appellants.
David A. Gallo & Associates LLP, Roslyn Heights, NY (Jonathan M. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Shirley A. Kaplan and Darren Kaplan appeal from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated August 3, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Shirley A. Kaplan and Darren Kaplan, to strike those defendants' answer and dismiss their affirmative defenses, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Shirley A. Kaplan and Darren Kaplan, to strike those defendants' answer and dismiss their affirmative defenses, and for an order of reference are denied, and those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them is granted.
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
Here, the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304 (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). Moreover, in support of their cross motion, the defendants Shirley A. Kaplan and Darren Kaplan (hereinafter together the Kaplan defendants) demonstrated, prima facie, that the plaintiff included additional material in the same envelope as the RPAPL 1304 notice, in violation of the separate mailing requirement of RPAPL 1304(2) (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 14). In [*2]opposition, the plaintiff failed to raise a triable issue of fact (see id. at 19).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the Kaplan defendants, to strike their answer and dismiss their affirmative defenses, and for an order of reference, and should have granted the Kaplan defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., BARROS, HINDS-RADIX and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court