HSBC Bank USA, N.A. v Jahaly (2022 NY Slip Op 02254)

HSBC Bank USA, N.A. v Jahaly

2022 NY Slip Op 02254

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-06938
 (Index No. 70363/17)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Kristina A. Jahaly, et al., respondents, et al., defendants.

Reed Smith, LLP, New York, NY (David Murphy, Kim M. Watterson, and Diane A. Bettino of counsel), for appellant.
Peter Spino, Jr., White Plains, NY (Jeremy Barberi of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 3, 2019. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint, and granted the cross motion of the defendants Kristina A. Jahaly and Raymond P. Jahaly, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Kristina A. Jahaly and Raymond P. Jahaly (hereinafter together the defendants). The plaintiff moved, inter alia, for summary judgment on the complaint, and the defendants cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
RPAPL 1304(1) requires that, at least 90 days before an action to foreclose a mortgage securing a home loan is commenced, the lender must give notice to the borrower. The statute provides the required content and form of the notice (see id.), and directs the method of mailing, including, as relevant here, that the notice shall be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]). Strict compliance with the requisite RPAPL 1304 notices to the borrower is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing its strict compliance with this condition (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 14; USBank N.A. v Haliotis, 185 AD3d 756, 758; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21).
Here, the plaintiff failed to establish its strict compliance with the RPAPL 1304 notice requirement, as the notice it sent to the defendants, a copy of which was submitted in support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants, included additional notices not contemplated by RPAPL 1304 (see Bank of Am., N.A. v Kessler, 202 AD3d at 14; CitiMortgage, Inc. v Dente, 200 AD3d 1025, 1027; Wells Fargo Bank, [*2]N.A. v DeFeo, 200 AD3d 1105, 1107). Thus, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint. Similarly, the defendants established that the plaintiff failed to strictly comply with RPAPL 1304, inasmuch as additional material was included within the RPAPL 1304 notice, and, therefore, the court properly granted their cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them (see Bank of Am., N.A. v Kessler, 202 AD3d at 14; CitiMortgage, Inc. v Dente, 200 AD3d at 1027).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court