Freedom Mtge. Corp. v Miller (2024 NY Slip Op 00935)

Freedom Mtge. Corp. v Miller

2024 NY Slip Op 00935

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 36162/19 Appeal No. 1719 Case No. 2023-01256 

[*1]Freedom Mortgage Corporation, Plaintiff-Appellant,
v
Shameka Miller Also Known as Shameka . Miller et al., Defendants, Asher Empty Also Known as Asher N. Empty, Defendant-Respondent.

Gross Polowy, LLC, Westbury (Stephen J. Vargas of counsel), for appellant.
Zarco Law Group, New York (Richard B. Zarco of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered September 29, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment and an order of reference and, upon searching the record, sua sponte granted summary judgment to defendants and dismissed the complaint, unanimously reversed, on the law, without costs, plaintiff's motion granted in its entirety, the complaint reinstated, and the matter remanded for appointment of a referee and any further proceedings.
In this RPAPL article 13 residential mortgage foreclosure action, defendant Asher Empty (defendant) allegedly defaulted in repayment of the promissory note underlying the mortgage for his property in the Bronx. As a result, under the terms of RPAPL 1304, plaintiff mailed a 90-day pre-foreclosure notice via certified and first-class mail to defendant at his last known address. The foot of the notice stated:
"[PLAINTIFF] IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
"IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED BECAUSE OF A BANKRUPTCY PROCEEDING, THIS NOTICE IS GIVEN TO YOU FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY."
Defendant failed to cure his default, and plaintiff eventually moved for summary judgment and an order of reference. However, Supreme Court denied plaintiff's motion, searched the record and granted summary judgment to defendant dismissing the complaint without the necessity of a cross-motion, on the ground that plaintiff violated the RPAPL 1304(2) "separate envelope rule," which provides that the pre-foreclosure "notices required by [RPAPL 1304] shall be sent . . . in a separate envelope from any other mailing or notice." In dismissing the complaint, Supreme Court found that under the Second Department's decision in Bank of Am., N.A. v Kessler (202 AD3d 10 [2d Dept 2021]), plaintiff had violated the separate envelope rule because "inclusion of any material in the separate envelope sent to the borrower under RPAPL 1304 that is not expressly delineated in these provisions constitutes a violation of the separate envelope requirement of RPAPL 1304(2)" (quoting Kessler, 202 AD3d at 14). The court found that the envelope containing the 90-day notice contained information referring to the debtor's rights in bankruptcy and under the Federal Fair Debt Collection Practices Act — information not delineated in RPAPL 1304(2) — and therefore was not in strict compliance with RPAPL 1304(2).
We now reverse on the ground that plaintiff's 90-day notice did not, in fact, violate RPAPL 1304(2)'s "separate envelope" rule as determined by the Court of Appeals in Bank of Am., N.A. v Kessler (39 NY3d 317 [2023]), decided after Supreme Court rendered its decision in this action. The Court of Appeals reversed the Second Department's decision [*2]in Kessler, finding that "[RPAPL] 1304 does not prohibit the inclusion of additional information that may help borrowers avoid foreclosure and is not false or misleading" (id. at 328). The Court found that allowing additional information may help borrowers avoid "needless foreclosure proceedings in cases where a foreclosure alternative might otherwise have been possible," thus comporting with RPAPL 1304's legislative history (id. at 322, quoting Senate Introducer's Mem in Support, Bill Jacket, L 2008, ch 472 at 10). Here, the additional information regarding bankruptcy that was included in plaintiff's 90-day notice is precisely the kind of information that might help borrowers avoid foreclosure, and, therefore, under the Court of Appeals' decision in Kessler, does not run afoul of RPAPL 1304.
We reject defendant's argument that current pending legislation (Assembly Bill A05841; Senate Bill S5829A), which, if passed, would effectively overrule Kessler, mandates a finding in his favor. Kessler is binding law until changed by decision of the Court of Appeals or until the pending legislation is enacted (see Dobess Realty Corp. v City of New York, 79 AD2d 348, 352-353 [1st Dept 1981], appeal dismissed 53 NY2d 1054 [1981] and appeal dismissed 54 NY2d 754 [1981]; see also Grady v Chenango Val. Cent. School Dist., 40 NY3d 89, 96 [2023]).
Plaintiff otherwise established its prima facie case for summary judgment and appointment of a referee. In the affidavit in support of its motion, plaintiff's employee, a foreclosure specialist, attested to her familiarity with and personal knowledge of plaintiff's record-keeping practices, and stated that records attached to the affidavit were made and kept in the ordinary course of business by persons with knowledge of the events reflected in the records. She also attested to plaintiff's possession of the note endorsed in blank, as well as the assignment of the mortgage to plaintiff, and included copies of those documents. Finally, the employee attested to defendants' default, with which she was familiar from her review of the relevant payment history records, and she attested that the 90-day notice was mailed to defendant.
 THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024